UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHRISTOPHER BUCKENBERGER (#102343)

VERSUS                                              CIVIL ACTION

BURL CAIN, ET AL                                    NUMBER 10-73-RET-SCR

**NOTICE**

   Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
   In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

   ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

   Baton Rouge, Louisiana, February 19, 2010.

                                    _____
                                    STEPHEN C. RIEDLINGER
                                    UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHRISTOPHER BUCKENBERGER (#102343)

VERSUS                                                    CIVIL ACTION

BURL CAIN, ET AL                                          NUMBER 10-73-RET-SCR

MAGISTRATE JUDGE'S REPORT

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Burl Cain, Asst. Warden Poret, Capt. Hunt, Lt. Col. Robertson, Sgt. McRae, Sgt. Anderson, Maj. Caselot and other unidentified parties.  In his original and amended complaints[1] the plaintiff alleged that: (1) the defendants required him to perform work in the kitchen which he is physically incapable of performing and poses a risk to his health and safety because of his disabilities, (2) Sgt. Anderson and Sgt. McCrae required him to wash pots and pans in retaliation for filing administrative grievances against them, (3) Warden Poret instructed Sgt. Anderson and Capt. Hunt to deny the plaintiff's request for a job reassignment, (4) he was denied medical treatment from January 14-18, 2010, (5) on January 18, 2010, he was issued a false disciplinary report by Capt. Hunt, (6) Maj. Caselot denied him due

---

[1] Record document numbers 1, 5 and 12.

process at the disciplinary board hearing on the disciplinary charges issued by Capt. Hunt, (7) Lt. Col. Robertson and Capt. Hunt threatened to harm him, (8) he was unfairly placed in isolation, (9) he was subjected to unsafe cell conditions, (10) he was denied access to writing and legal materials while confined in isolation, and (11) he was denied a sufficient amount of time to remove legal materials from his two lockers in violation of his constitutional rights.

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

The court must accept as true the plaintiff's allegations and may not dismiss the complaint for failure to state a claim unless it appears beyond doubt that the plaintiff cannot prove any set of facts in support of his claim which would entitle him to relief. *Boudeloche v. Grow Chemical Coatings Corp.*, 728 F. 2d 759 (5th Cir. 1984).

In an action proceeding under § 1915, this court may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised by the parties. *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

Section 1997e of Title 42 of the United States Code provides in pertinent part as follows:

> (a) Applicability of Administrative Remedies.--No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust available administrative remedies before filing a § 1983 suit and is precluded from filing suit while the administrative complaint is pending.  *Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002); *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998), *abrogated in part* by *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910 (2007) (abrogating the holding that a district court may dismiss a civil complaint *sua sponte* for failure to exhaust); *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998); *Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999).  A prisoner must exhaust his administrative remedies by complying with applicable prison grievance procedures before filing a suit related to prison conditions.  *Johnson v. Johnson*, 385 F.3d 503, 514 (5th Cir. 2004).  Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90, 126 S.Ct. 2378, 2386 (2006). Because § 1997e(a) expressly requires exhaustion, prisoners may not deliberately bypass the administrative process by flouting an agency's procedural rules.

3

*Id.*, 126 S.Ct. at 2389-90.  The § 1997e(a) exhaustion requirement is mandatory, irrespective of the forms of relief sought and offered through administrative avenues.  *Days v. Johnson*, 332 F.3d 863, 866 (5th Cir. 2003).  A court can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust.  *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007).

In his original complaint, the plaintiff conceded that although he presented the facts relating to his complaint in the state prison grievance procedure, the administrative grievance was placed on backlog and is unexhausted.  In addition, the plaintiff attached as an exhibit to his amended complaint an administrative grievance he filed on January 31, 2010, regarding the allegations raised in the amended complaint.[2]

---

[2] A court may take judicial notice of the record in prior related proceedings. *Missionary Baptist Foundation of America, Inc. v. Wilson*, 712 F.2d 206 (5th Cir. 1983). The court hereby takes judicial notice of the prisoner rule book approved by this court in *Hayes Williams v. John McKeithen, et al*, CA 71-98-B (M.D. La.) *affirmed*, 547 F.2d 1206 (5th Cir. 1977). The prisoner rule book incorporates the Administrative Remedy Procedure (ARP) which was implemented to create a mechanism to resolve prisoner grievances, like the ones raised in the plaintiff's complaint, at the institutional level.
    In accordance with the rules governing the ARP, once an administrative grievance is accepted, the Warden or his designee has 40 days in which to respond at the First Step of the two step procedure. Even if the plaintiff's ARP submitted on January 31, 2010 were accepted by prison officials on that same date, it could not have been exhausted before the amended complaints were filed on February 4 and 18, 2010.

It is apparent of the face of the complaint that the plaintiff failed to exhaust available administrative remedies regarding the claims raised in the original and amended complaints prior to filing suit as required by 42 U.S.C. § 1997e(a).

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed without prejudice for failure to exhaust available administrative remedies pursuant to 42 U.S.C. § 1997e(a), and with prejudice to refiling them in forma pauperis status.[3]

Baton Rouge, Louisiana, February 19, 2010.

*[signature]*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[3] *Underwood v. Wilson*, 151 F.3d at 296.